## JOHN KELLY *vs.* WILLIAM L. BEMIS.

A justice of the peace, who issues a warrant under an unconstitutional statute, is liable in damages to the person arrested thereon.

ACTION OF TORT against a justice of the peace for issuing a mittimus under *St.* 1852, *c.* 322, § 14, on which the plaintiff was arrested, and obliged to pay the amount of the fine and costs mentioned therein in order to procure his discharge. At the trial in the court of common pleas at October term 1854, the defendant contended that, as that statute purported to give him jurisdiction of the complaint made before him against the plaintiff, no action would lie against him, if his proceedings conformed to that statute, although that section was unconstitutional. But *Mellen,* C. J. ruled that, as that statute was unconstitutional, his proceedings under it were unlawful, and he was liable to this action. The jury found a verdict for the plaintiff, and the defendant alleged exceptions.

*R. A. Chapman & C. R. Ladd,* for the defendant. A magistrate, acting under the express directions of a statute, is not liable to an action, if he errs in performing the judicial duty, which the law imposes upon him, of deciding whether the statute is constitutional; and which is often a very difficult duty, for courts are very slow to decide a statute to be unconstitu-

·tional. *Fisher* v. *Mc Girr*, 1 Gray, 1, was an action against an officer ; and in *Piper* v. *Pearson*, 2 Gray, 120, and *Clark* v. *May*, 2 Gray, 410, the justice had clearly exceeded the jurisdiction conferred upon him by statute.

*G. M. Stearns*, for the plaintiff.

BIGELOW, J.   The defendant in the present case seeks to jus· tify the tort charged in the declaration by proof that he acted as a magistrate in the performance of certain duties under *St.* 1852, *c.* 322, § 14.   But that section of the statute has been adjudged to be unconstitutional and void.   *Fisher* v. *Mc Girr*, 1 Gray, 1. It therefore conferred no authority or jurisdiction upon magistrates.   Under a government of limited and defined powers, where, by the provisions of the organic law, the rights and duties of the several departments of the government are carefully distributed and restricted, if any one of them exceeds the limits of its constitutional power, it acts wholly without authority itself, and can confer no authority upon others.   The defendant could derive no power or jurisdiction from a void statute.   He therefore acted without any jurisdiction; and, upon familiar and well settled principles, is liable in this action.   *Fisher* v. *Mc Girr*, 1 Gray, 45.   *Piper* v. *Pearson*, 2 Gray, 120.   *Clark* v. *May*, 2 Gray, 410.                            *Exceptions overruled*